IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 1 4 2001

ELLA M. GOLDTOOTH,

    Plaintiff,

vs.                         CV01-897 LH/DJS

LARRY G. MASSANARI, Acting
Commissioner of Social Security,

    Defendant.

CLERK

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed *In Forma Pauperis*. For the reasons stated below, the Court will dismiss Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).

In enacting the federal *in forma pauperis* statute, 28 U.S.C. Sec. 1915, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action...solely because...poverty makes it impossible...to pay or secure the costs" of litigation. <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331 (1948). However, Congress included subsection (d) to prevent a waste of judicial resources. Section 1915(d) allows the courts to dismiss an *in forma pauperis* complaint "if satisfied that the action is frivolous or malicious." The Supreme Court has stated that dismissal under Sec. 1915(d) is appropriate

1

if the Complaint "lacks an arguable basis either in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).

The statute which grants subject matter jurisdiction to the federal courts also establishes the venue in which any action is to be commenced. Pursuant to 42 U.S.C. Sec. 405(g), an appeal of a final decision of the Commissioner of Social Security "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides..." Plaintiff asserts in her Complaint that she is a resident of Arizona. Thus, this court is not the proper venue for this matter.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Complaint is dismissed without prejudice.

_____
**C. LEROY HANSEN**
**United States District Judge**

2